UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JSC TRANSMASHHOLDING,               )
                                    )
            Plaintiff,              )
                                    )
      v.                            )     Civil Action No. 17-20 (RBW)
                                    )
JAMES F. MILLER,                    )
                                    )
            Defendant.              )
_____ )

## MEMORANDUM OPINION

The plaintiff, JSC Transmashholding, "Russia's largest manufacturer of railroad locomotives and cars," Complaint ("Compl.") ¶ 7, brings this civil action against the defendant, James F. Miller, for breach of the parties' Settlement Agreement & Release ("Settlement Agreement"), see generally id. The plaintiff seeks to recover the balance the defendant allegedly owes it under the Settlement Agreement, specifically, "$599,282.56 . . . plus pre[] and post[]judgment interest at 8.0% per annum," as well as "[a]n award of attorney's fees and costs." Id. at 6. Currently before the Court is the Plaintiff's Motion for Summary Judgment ("Pl.'s Mot."). Upon careful consideration of the parties' submissions,[1] the Court concludes for the following reasons that it must grant the plaintiff's motion.

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Plaintiff's Memorandum of Law in Support of its Motion for Summary Judgment ("Pl.'s Mem."); (2) the Plaintiff's Statement of Material Facts as to Which There is No Genuine Issue To Be Tried ("Pl.'s Facts"); (3) the defendant's Response to Plaintiff's Complaint ("Def.'s Answer"); (4) the Plaintiff's Reply in Support of Summary Judgment, ECF No. 9 ("Pl.'s Reply I"); (5) the Plaintiff's Reply in Support of Summary Judgment, ECF No. 10 ("Pl.'s Reply II"); (6) the defendant's Response to Order to Show Cause ("Def.'s Resp."); and (7) the Plaintiff's Reply to Defendant's Response to Order to Show Cause, ECF No. 16 ("Pl.'s Reply III").

## I. BACKGROUND

The plaintiff executed the Settlement Agreement with the defendant on November 20, 2014, see Compl., Exhibit ("Ex.") 1 (Settlement Agreement) at 10, to "resolve[] an action brought by [the plaintiff] against [the defendant] in [this Court] . . . to recover the principal of and interest on $600,000.00 that had been stolen from [the plaintiff] in a complex conspiracy of which [the defendant] was a beneficiary," id. ¶ 11. In the Settlement Agreement, the defendant agreed to repay the $600,000.00 plus interest, see id., Ex. 1 (Settlement Agreement) ¶ 2, and the plaintiff agreed to dismiss its suit against the defendant without prejudice, see id., Ex. 1 (Settlement Agreement) ¶ 4, which it did on January 20, 2015, id. ¶ 11.

"In the Settlement Agreement, [the defendant] agreed to make each monthly payment on the first day of the respective calendar month . . . [and] further agreed that, if he was more than fifteen [] calendar days late . . . and [the plaintiff] gave written notice of acceleration, the entire then-outstanding Total Amount would 'become automatically and immediately due and payable.'" Id. ¶ 12 (quoting id., Ex. 1 (Settlement Agreement) ¶ 5). The defendant "made payments in respect of twenty [] months, ending with the payment due August 1, 2016," id. ¶ 13, but made no payments for "the amounts due on September 1, October 1, November 1, and December 1, 2016[,] and January 1, 2017," id. ¶ 14. The plaintiff gave the defendant written notice of acceleration on December 2, 2016, pursuant to the terms of the Settlement Agreement, see id. ¶ 15; see also id., Ex. 2 (Letter from the plaintiff's counsel to the defendant (Dec. 2, 2016) ("Notice of Acceleration")) at 1, but the defendant "has made no payment on any amount owed," id. ¶ 16. The plaintiff filed both its Complaint and Motion for Summary Judgment on January 4, 2017, alleging breach of the Settlement Agreement. See id. at 1; Pl.'s Mot. at 1.

The defendant filed his Answer on January 26, 2017, see Def.'s Answer at 1, but did not timely file an opposition to the Motion for Summary Judgment. Therefore, on March 3, 2017, the Court entered a Minute Order directing the defendant to file an opposition by March 17, 2017. See Minute Order (Mar. 3, 2017). After the defendant again failed to file an opposition, the Court entered an Order on April 21, 2017, directing the defendant to show cause as to why the plaintiff's motion should not be granted. See Order at 1 (Apr. 21, 2017). The defendant filed his Response to the Court's Order on May 10, 2017, "disput[ing] the allegations and merits of [the] [p]laintiff's complaint, but elect[ing] not to further pursue any defense." Def.'s Resp. at 1.

## II. STANDARD OF REVIEW

Courts will grant a motion for summary judgment under Federal Rule of Civil Procedure 56(c) "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When ruling on a Rule 56 motion, the Court must view the evidence in the light most favorable to the non-moving party. Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006) (citing Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150 (2000)). The Court must therefore draw "all justifiable inferences" in the non-moving party's favor and accept the non-moving party's evidence as true. Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986).

A non-movant's silence in response to the movant's motion for summary judgment does not mean the motion may be granted as conceded because "[t]he burden is always on the movant to demonstrate why summary judgment is warranted." Winston & Strawn, LLP v. McLean, 843 F.3d 503, 505 (D.C. Cir. 2016). Therefore, "[a] court must always engage in the analysis required by Rule 56 before acting on a motion for summary judgment." Id. at 506. "The [C]ourt may, however, treat any unaddressed factual statement in the [movant's] motion as undisputed."

Koch v. White, __ F. Supp. 3d __, __, 2017 WL 1655185, at *4 (D.D.C. May 2, 2017), appeal docketed, No. 17-5180 (D.C. Cir. Aug. 7, 2017); see also Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ."); Winston & Strawn, 843 F.3d at 507 (same).

## III. ANALYSIS

### A. Breach of Settlement Agreement

"Settlement agreements 'are in the nature of contracts,'" America v. Preston, 468 F. Supp. 2d 118, 122 (D.D.C. 2006) (quoting Makins v. District of Columbia, 277 F.3d 544, 546–47 (D.C. Cir. 2002)), and are therefore "construed under 'general principles of contract law,'" Dyer v. Bilaal, 983 A.2d 349, 354 (D.C. 2009) (quoting Goozh v. Capitol Souvenir Co., 462 A.2d 1140, 1142 (D.C. 1983)); see also Goozh, 462 A.2d at 1142 ("Once entered, the agreement between the parties becomes the law of the case, and its terms may not be enlarged or diminished by the court, for to do so would be to create a new stipulation to which the parties have not agreed." (internal citations omitted)). When interpreting a settlement agreement, "[a] court must honor the intentions of the parties as reflected in the settled usage of the terms they accepted in the [settlement agreement]." The Cuneo Law Grp., P.C. v. Joseph, 669 F. Supp. 2d 99, 107 (D.D.C. 2009) (Walton, J.) (quoting Unfoldment, Inc. v. D.C. Contract Appeals Bd., 909 A.2d 204, 209 (D.C. 2006)), aff'd, 428 F. App'x 6 (D.C. Cir. 2011), cert. denied, 565 U.S. 1094.

"To prevail on a claim of breach of contract [in the District of Columbia], a party must establish (1) a valid contract between the parties; (2) an obligation or duty arising out of the

4

contract; (3) a breach of that duty; and (4) damages caused by [the] breach." Tsintolas Realty Co. v. Mendez, 984 A.2d 181, 187 (D.C. 2009).[2] A settlement agreement is valid and enforceable if, based on the written agreement, "each party could be reasonably certain how it was to perform." Dyer, 983 A.2d at 357 (finding an e-mail agreement between the parties to be enforceable because the terms of the agreement were sufficiently defined); see also EastBanc, Inc. v. Georgetown Park Assocs. II, LP, 940 A.2d 996, 1003 (D.C. 2008) ("The enforceability of [an] agreement comes from the definitive character of the obligation to perform, not a precise description of the ways in which the obligation might be fulfilled." (emphasis in original)). And "'[a] contract is breached if a party fails to perform when performance is due,' i.e., upon a party's 'unjustified failure to perform all or any part of what is promised in a contract entitling the injured party to damages.'" Medhin v. Hailu, 26 A.3d 307, 310 (D.C. 2011) (first quoting Eastbanc, 940 A.2d at 1004, then quoting Fowler v. A & A Co., 262 A.2d 344, 347 (D.C. 1970)).

Here, the Court first finds that the Settlement Agreement between the parties is valid and enforceable because it is sufficiently clear as to the parties' obligations. Regarding the defendant's obligations, the Settlement Agreement provides that he

> recognizes, acknowledges, and agrees that he owes [the plaintiff] the sum of (i) the principal amount of $600,000 . . . , plus (ii) accrued interest thereon from and including June 9, 2011, to but excluding the date of repayment, at the rate of 1.7269% per annum to November 20, 2014, and 8.0% per annum thereafter, as compounded annually on June 9 of each year (together, the "Total Amount"). As of November 20, 2014, the Total Amount due to [the plaintiff] is $636,524.99.
>
> For the avoidance of doubt, interest at a rate of 8.0% per annum, compounded annually on June 9 of each year, will continue to accrue on unpaid principal and capitalized interest from November 20, 2014, until the Total Amount is paid in full.

---

[2] The Settlement Agreement states that it "shall be governed by, and construed in accordance with, the laws of the District of Columbia." Compl., Ex. 1 (Settlement Agreement) ¶ 10.

Compl., Ex. 1 (Settlement Agreement) ¶ 1. Notwithstanding the Total Amount due to the plaintiff, the Settlement Agreement also provides that

> if [the defendant] makes due and punctual payment of all amounts provided below, he need not pay the Total Amount, but only a discounted amount (the "Discounted Amount") equal to the sum of (i) the principal amount of $600,000, plus (ii) interest thereon from and including November 20, 2014, to and excluding the date of final principal payment at a rate of 8.0% per annum.

Id., Ex. 1 (Settlement Agreement) ¶ 2. The Settlement Agreement sets forth a payment schedule in which the defendant "agree[d] to pay on the first day of each calendar month" $5,000 for the first twelve months, $10,000 for the next twelve months, and then $15,000 for each continuing month "until the Discounted Amount has been paid in full." Id., Ex. 1 (Settlement Agreement) ¶ 3.

> As for the plaintiff's obligations, the Settlement Agreement provides that it
>
> agrees to withdraw its complaint against [the defendant] in the Action [in this Court] without prejudice and further agrees not to re-file the complaint or otherwise initiate proceedings against [the defendant] unless an Event of Acceleration . . . occurs. Within five (5) business days of [the plaintiff] receiving the first payment on January 1, 2015, [it] shall file a voluntary Notice of Dismissal as to [the defendant] under Federal Rule of Civil Procedure 41, dismissing the Action without prejudice.

Id., Ex. 1 (Settlement Agreement) ¶ 4.

The Settlement Agreement defines an Event of Acceleration to include, among other things, if the defendant "is more than fifteen (15) calendar days late in making any monthly payment when due and [the plaintiff] gives written notice of acceleration" to the defendant, id., Ex. 1 (Settlement Agreement) ¶ 5(a), and provides that if an Event of Acceleration occurs, (1) "the then-outstanding Total Amount will become automatically and immediately due and payable," id., Ex. 1 (Settlement Agreement) ¶ 5; and (2) the defendant "consents to the entry of a final, binding, non-appealable judgment in favor of [the plaintiff] and against [the defendant] in

the full amount of the then-outstanding Total Amount, without the need for any proceedings," id., Ex. 1 (Settlement Agreement) ¶ 6. Upon review of these provisions, the Court concludes that "each party could be reasonably certain how it was to perform," and thus the Settlement Agreement is valid and enforceable. See Dyer, 983 A.2d at 357.

The Court also concludes that the plaintiff has provided sufficient evidence, undisputed by the defendant, see Def.'s Resp. at 1, that the defendant breached his obligations under the Settlement Agreement when he failed to make monthly payments to the plaintiff from September 1, 2016, through January 1, 2017, see Pl.'s Mot., Ex. 2 (Declaration of Evgeniy Karaman in Support of Plaintiff's Motion for Summary Judgment ("Karaman Decl.")) ¶ 4 ("Since making the payment due in respect of August 1[, 2016], [the defendant] has made no payment of the amounts due on September 1, October 1, November 1, and December 1, 2016, and January 1, 2017."); Pl.'s Facts ¶ 9 (same). By failing to make monthly payments for these five months, the defendant "fail[ed] to perform when performance [wa]s due . . . entitling the [plaintiff] to damages." Medhin, 26 A.3d at 310 (citations and internal quotation marks omitted); see also SmartNet, Inc. v. Kellman, No. 04-1033(CKK)(AK), 2009 WL 856467, at *4 (D.D.C. Mar. 30, 2009) (finding that the defendant failed to pay monthly installments mandated by the settlement agreement without an explanation of extenuating circumstances, which constituted a material breach and default); Resolution Trust Corp. v. Kling, No. 90-2436(LFO), 1991 WL 148566, at *1–2 (D.D.C. July 16, 1991) (granting the plaintiff's motion for summary judgment in an action to collect on a promissory note because the defendant ceased making his monthly payments "required under the terms of the loan"). Therefore, because the Court concludes there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law

on its breach of Settlement Agreement claim, the Court must grant the plaintiff's motion for summary judgment.

**B.      Calculation of Judgment Amount**

The plaintiff requests an award of $599,282.56, "plus pre[] and post[]judgment interest at 8.0% per annum (compounded annually) on that amount, attorney's fees, and costs." Pl.'s Mem. at 7. It arrives at the figure of $599,282.56 by noting that the Total Amount owed under the Settlement Agreement

> has increased since the date of the Notice of Acceleration by $128.64 per day, which amount equals the additional interest on unpaid principal and previously compounded interest accrued at 8.0% per annum since the date of the Notice of Acceleration. Specifically, this additional interest of $128.64 per day equals daily interest at 0.022% (8.0%/365 days) per day on $578,888.74, which represents the sum of the unpaid principal of $539,441.75 and previously capitalized interest of $39,446.99. As of the date of this filing [on January 4, 2017], the outstanding Total Amount totals $599,282.56.

Pl.'s Facts ¶ 15. Because this calculation accords with the stipulations set out in the Settlement Agreement, see Compl., Ex. 1 (Settlement Agreement) ¶¶ 1–3, and the defendant does not meaningfully contest this amount, see Def.'s Resp. at 1, the Court agrees with the plaintiff that the outstanding total principal amount due to the plaintiff is $599,282.56.

**1.      Prejudgment Interest**

The Court also agrees with the plaintiff that it "is entitled under the law of the District of Columbia to prejudgment interest on the Total Amount . . . pursuant to D.C. Code § 15-108." Pl.'s Mem. at 6. Section 15-108 provides:

> In an action in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia to recover a liquidated debt on which interest is payable by contract or by law or usage the judgment for the plaintiff shall include interest on the principal debt from the time when it was due and payable, at the rate fixed by the contract, if any, until paid.

D.C. Code § 15-108 (2012). "By the [statute's] terms, the judgment for the plaintiff 'shall' include prejudgment interest if: (1) the action is one to recover a liquidated debt, and (2) interest is payable on that debt by contract or by law or usage. Where both statutory conditions are met, prejudgment interest is mandatory." Dist. Cablevision Ltd. v. Bassin, 828 A.2d 714, 731 (D.C. 2003). "A liquidated debt is one which at the time it arose, . . . was an easily ascertainable sum certain." Id. (alteration in original) (quoting District of Columbia v. Pierce Assocs., 527 A.2d 306, 311 (D.C. 1987)).

In this case, the total principal amount due is liquidated, i.e., "an easily ascertainable sum certain," id., because that amount is calculable pursuant to the Settlement Agreement itself, see Compl., Ex. 1 (Settlement Agreement) ¶ 3 (providing how interest on the total amount due would be calculated). Furthermore, the "interest is payable on that debt by contract," Dist. Cablevision, 828 A.2d at 731, because the Settlement Agreement explicitly provides that interest would be calculated at the rate of 8.0% per annum, see Compl., Ex. 1 (Settlement Agreement) ¶¶ 2, 3. Therefore, the Court concludes that a prejudgment interest award must be warranted pursuant to section 15-108. See D.C. Code § 15-108.[3]

### 2. Postjudgment Interest and Attorney's Fees and Costs

The plaintiff also requests a postjudgment interest award and an award of attorney's fees and costs. See Pl.'s Mem. at 7; Compl. at 6. The plaintiff appears to rely on section 15-108 to support his request for postjudgment interest, see Pl.'s Mem. at 7 ("Because the Settlement Agreement provides for annual compound interest of 8.0%, the Court should award pre[] and post[]judgment interest at that rate pursuant to D.C. Code § 15-108." (emphasis added)), even

---

[3] Because the plaintiff is seeking prejudgment interest until the date the judgment is entered, see Pl.'s Mem. at 7, the Court will require the plaintiff to file on the docket an additional affidavit calculating the amount of prejudgment interest due as of the date of this judgment.

9

though "[p]ost[]judgment interest is governed by federal law, even in a case in which a federal court hears only state-law claims," Lanny J. Davis & Assocs. LLC v. Republic of Equatorial Guinea, 962 F. Supp. 2d 152, 165 (D.D.C. 2013); see 28 U.S.C. § 1961(a) (2012) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . [, and s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."); see also Lanny J. Davis, 962 F. Supp. 2d at 164–65 (awarding prejudgment interest under D.C. Code § 15-109 and postjudgment interest under 28 U.S.C. § 1961(a)); Interstate Fire & Cas. Co. v. Washington Hosp. Ctr. Corp., 917 F. Supp. 2d 87, 94 (D.D.C. 2013) (awarding prejudgment interest under D.C. Code § 15-108 and postjudgment interest under 28 U.S.C. § 1961(a)); Qatar Nat'l Bank v. Winmar, Inc., 813 F. Supp. 2d 163, 167 (D.D.C. 2011) (concluding that 28 U.S.C. § 1961(a), and not the parties' contract, governed the award of postjudgment interest because the contract "clearly fail[ed] to expressly state that the 12% interest rate applie[d] to judgments or judgment debts"), vacated in part on other grounds, 831 F. Supp. 2d 159 (D.D.C. 2011); Graham, Van Leer & Elmore Co. v. Jones & Wood, Inc., 656 F. Supp. 667, 670 (D.D.C. 1987) (awarding prejudgment interest under D.C. Code § 15-108 and postjudgment interest under 28 U.S.C. § 1961(a)). The plaintiff, however, did not substantially brief the issue of postjudgment interest, nor its entitlement to an award of attorney's fees and costs or any estimate of those fees. See generally Pl.'s Mem.[4] Accordingly, the Court will hold in abeyance the plaintiff's request for postjudgment interest and attorney's fees and costs. The plaintiff, in conjunction with its filing regarding the amount of prejudgment interest due, may therefore file a motion for postjudgment

---

[4] The Settlement Agreement appears to be silent regarding the issue of attorney's fees and costs. See generally Compl., Ex. 1 (Settlement Agreement).

interest and attorney's fees and costs, provided that the requisite documentation demonstrating its entitlement to such awards is presented.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that it must grant the plaintiff's motion for summary judgment.

**SO ORDERED** this 11th day of September, 2017.[5]

REGGIE B. WALTON<br>
United States District Judge

---

[5] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.